UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WALTON,<br><br>            Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>            Defendants. | No. 2:17-cv-0133 KJN P<br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Although plaintiff filed his allegations on a civil rights complaint form, he challenges his underlying criminal conviction, arguing that his due process rights were violated, and that he suffered ineffective assistance of counsel. As relief, plaintiff asks the court to vacate his sentence or reduce his conviction to petty theft. Plaintiff provided copies of his petitions for writ of habeas corpus filed in state court, as well as the state court rulings.

////

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973). By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Court records reflect no other cases filed on behalf of plaintiff.

Because plaintiff's allegations sound in habeas, the instant complaint must be dismissed, and plaintiff must file a petition for writ of habeas corpus on the form provided by the Clerk of Court. Plaintiff is not required to re-file his exhibits. Rather, he may simply refer to the exhibits, or he may ask the Clerk of Court to append the previously-submitted exhibits to his petition for writ of habeas corpus once it is filed. (ECF No. 1 at 4-69.)

Plaintiff is cautioned that failure to file the petition for writ of habeas corpus or to otherwise comply with this order will result in the dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete and file the petition for writ of habeas corpus form appended. Failure to file the petition will result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a petition for writ of habeas corpus.

Dated: March 7, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/walt0133.14

2