UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WALTON, | No. 2:17-cv-0133 KJN P |
| Petitioner, | |
| v. | ORDER |
| S. KERNAN, | |
| Respondent. | |

I. Introduction

    Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 23, 2017, respondent filed a motion to dismiss this action on the grounds that it was filed beyond the one-year statute of limitations. Petitioner did not file an opposition to the motion, and on October 10, 2017, he was ordered to show cause within thirty days why his failure to file an opposition should not be deemed a waiver of any opposition to the granting of the motion. Thirty days have now passed, and petitioner has not filed a response to the order to show cause or filed an opposition to the motion to dismiss. As set forth below, respondent's motion to dismiss is granted.

////

////

1

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state

habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23.

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On November 22, 2013, petitioner was charged in case No. CRF-13-2401 with one count of committing petty theft after having been convicted of a prior theft, and, in a second count, possession of methamphetamine.[1] (ECF No. 20-1 at 24-27.)

2. On May 2, 2014, under a written plea agreement, petitioner entered a no contest plea to second-degree robbery, the original charges were dismissed, and petitioner was granted probation in case No. CRF13-2401. (ECF Nos. 20 at 1-2; 20-1 at 86-87; 20-2 at 40-47.)

3. On July 9, 2014, petitioner filed a motion to withdraw his plea. (ECF No. 20-1 at 90-96.) On August 15, 2014, during a hearing, petitioner's motion was denied. (ECF Nos. 20-1 at 129-30; 20-2 at 76.)

////

---

[1] While petitioner was out on bail, he was also charged with extortion on August 6, 2014, in case No. CRF-14-1739. (ECF No. 20-1 at 109-13.)

3

4. On August 15, 2014, after denying leave to withdraw the plea, the trial court suspended imposition of sentence, and granted petitioner three years of formal probation, subject to various terms and conditions. (ECF No. 20-1 at 131-32; 20-2 at 76-85.) Judgment was entered on August 15, 2014. (ECF No. 20-1 at 131.)

5. Petitioner did not file an appeal as to the August 15, 2014 judgment.[2]

6. Over seven months later, on April 10, 2015, in both case Nos. CRF13-2401 and CRF14-1739, petitioner admitted to violating probation by: failing to report to the probation officer; failing to comply with substance abuse counseling terms; submitting urine specimen on January 5, 2015, which tested positive for the presence of amphetamine/ methamphetamine; and possessing drug paraphernalia on or about March 31, 2015. (ECF No. 20-1 at 180-81; 190-91.) Petitioner was committed to custody, and both matters set for sentencing. (ECF No. 20-1 at 192.)

7. On June 22, 2015, the trial court revoked petitioner's probation and imposed a total five year prison sentence for both case Nos. CRF13-2401 and CRF14-1739.[3] (ECF No. 20-1 at 215-18.) Judgment was entered on July 7, 2015. (ECF No. 20-1 at 218-19.)

8. On August 6, 2015, petitioner filed an appeal. (ECF No. 20-1 at 220.) Petitioner's attorney filed a request for review under People v. Wende, 25 Cal. 3d 436 (1979). (ECF No. 20-3.)

9. On May 23, 2016, the California Court of Appeals affirmed the judgment. (ECF No. 20-4.)

////
////
////

---

[2] On September 3, 2014, petitioner pled no contest in case No. CRF-14-1739, and on September 29, 2014, was also granted probation. (ECF No. 20-1 at 150-52; 176.)

[3] Two years were imposed for the second degree robbery conviction in case No. CRF13-2401. In case No. CRF14-1739, the conviction for extortion, one year was imposed, and a one year enhancement was also assessed under Cal. Penal Code § 12022.1. (ECF No. 20-1 at 218.)

1   10. On June 6, 2016,[4] petitioner filed a petition for writ of habeas corpus in the Sutter

2 County Superior Court. (ECF No. 20-5 at 2-62.) On June 28, 2016, the superior court denied the

3 petition, marking "No Prima Facie Case," citing Ex parte Swain, 34 Cal. 2d 300, 303-04 (1949);

4 and "Appellate Issues," citing In re Clark, 5 Cal. 4th 750, 765 (citing In re Dixon, 41 Cal. 2d 756,

5 759 (1953).). (ECF No. 20-6 at 2.)

6   11. On August 9, 2016, petitioner filed a petition for writ of habeas corpus in the

7 California Court of Appeal for the Third Appellate District. (ECF No. 20-7 at 2-63.) On

8 September 2, 2016, the superior court denied the petition without comment. (ECF No. 20-8.)

9   12. On September 20, 2016, petitioner filed a petition for writ of habeas corpus in the

10 California Supreme Court. (ECF No. 20-9.) On November 30, 2016, the California Supreme

11 Court denied the petition without comment. (LD 10.)

12   13. On January 14, 2017,[5] petitioner constructively filed the instant federal petition. See

13 Rule 3(d) of the Federal Rules Governing Section 2254 Cases. In his petition, he alleges

14 insufficient evidence to support the robbery conviction; ineffective assistance of trial and

15 appellate counsel for failing to challenge such insufficient evidence, and prosecutorial misconduct

16 based on amending the charges to second degree robbery, which petitioner claims is not

17 supported by the evidence. (ECF No. 9 at 4.)

IV. Statutory Tolling[6]

   Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such

---

[4] All of petitioner's state court filings were given benefit of the mailbox rule, either using the proof of service date, or the date the pleading was filed. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[5] The undersigned applies the date petitioner signed his initial pleading. Although the pleading was a civil rights complaint, the claim raised in the April 10, 2017 petition was included in the civil rights complaint and therefore relates back for statute of limitations purposes.

[6] As set forth above and noted by respondent, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

review. Id. In this case, petitioner did not appeal the operative judgment and probation grant issued on August 15, 2014. See People v. Mazurette, 24 Cal. 4th 789, 792, 102 Cal. Rptr. 2d 555 (2001) (an order granting probation is a final, appealable judgment).[7] Accordingly, his conviction became final sixty days later on October 14, 2014. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on October 15, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on October 15, 2015.

Petitioner is not entitled to tolling for any of the 2016 filings in state court because none of them were filed before the federal limitations period expired on October 15, 2015. As set forth above, state habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect. Because petitioner filed his petition on January 14, 2017, over a year after the limitations period expired, the petition is untimely and must be dismissed.

V. Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

---

[7] "The fact that the trial court suspended the execution of petitioner's sentence has no bearing on the finality of his conviction." Starr v. California, 2012 WL 5199156 at *2 n.1 (E.D. Cal. Oct. 19, 2012) ("In California, an order of probation is a final judgment for purposes of filing an appeal."). See also Stanfield v. Figueroa, 2014 WL 1347377 (E.D. Cal. April 4, 2014) (collecting cases). Moreover, the petition makes clear that petitioner is challenging his conviction and not raising any issues concerning the revocation of parole.

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not specifically ask for, and provides no basis for, the application of equitable tolling. Petitioner makes no factual arguments in his petition that would support a claim for equitable tolling and did not file an opposition to respondent's motion. In addition, he has not demonstrated that he has been pursuing his rights diligently. Therefore, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that

1. Respondent's motion to dismiss (ECF No. 20) is granted,

2. This action is dismissed; and

3. The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: November 29, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/walt0133.mtd.hc.sol.nop

7